UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

THERON JAY MARRS, and YOLANDA
SEGURA MARRS.

                        Plaintiffs,

       v.

UNITED STATES OF AMERICA, as
substituted party for TONNI CARPENTER,
BRENNA WITHROW, and RALPH ERIC
KELLEY,

                        Defendants.

6:14-CV-2041-TC

FINDINGS and RECOMMENDATION

COFFIN, Magistrate Judge:

## INTRODUCTION

Pro se plaintiffs filed this action in Oregon Small Claims Court, Deschutes County Circuit Court. Plaintiffs named Tonni Carpenter, Brenna Withrow, and Ralph Eric Kelley as defendants.

Plaintiffs claim in a conclusory fashion that the named defendants "have placed liens and made claims against [plaintiffs'] property without right, or expressed contract, and have used threats of duress and coercion in enforcement of an unverified debt, and have conspired to assault [plaintiffs']

Page 1 - FINDINGS and RECOMMENDATION

family with threats of deadly force. P. 4 of Exh B to #1. Plaintiffs argue that the named defendants "have conspired to file and enforce various unverified and therefore false claims using color of law document called a 'Notice of Lien,' which was filed against [plaintiffs] and their property." Id. This, they argue, is "trespass." Id.

The United States removed this action to Federal Court. In removing the action, the United States filed a Notice of Substitution, that pursuant to 28 U.S.C. §2679(d), substituted the United States as the proper defendant, because the named individual defendants had been acting within the scope of their employment as federal employees of the Internal Revenue Service at all times with respect to any events which may have given rise to plaintiff's complaint. In addition to explaining that there was a valid certification of scope of employment, the United States noted that plaintiffs were asking that the Notices of Federal Tax Liens be released, along with all associated debts. Such a request for relief operates against the United States government, not the originally named individual defendants.

Presently before the court is the United States' motion (#12) to dismiss for lack of subject matter jurisdiction and failure to state a claim on which relief may be granted.[1] For the reasons discussed below, such motion should be allowed and this action should be dismissed.

---

[1] Plaintiffs' have also filed a motion (#10) " for default judgment or motion to remand to 'the Marrs Court' " as the action was already proceeding when it was removed. Such motion should be denied because this court granted an extension of time to answer prior to plaintiffs' motion and because the action was properly removed here.

Page 2 - FINDINGS and RECOMMENDATION

## DISCUSSION

Congress has provided a comprehensive statutory scheme for seeking redress in federal tax matters. See, e.g., 26 U.S.C. §7433; Cf. Adams v. Johnson, 355 F.3d 1179, 1186 (9th Cir. 2004) ("Because the Internal Revenue Code gives taxpayers meaningful protections against government transgressions in tax assessment and collection, we hold that Bivens relief is unavailable for plaintiffs' suit against IRS auditors and officials.") Indeed, there is a specific statutory section that allows a tax payer to challenge a federal tax lien, and obtain civil damages if the lien is improper, provided the taxpayer complies with IRS rules and procedures including the exhausting of IRS administrative remedies. See 26 U.S.C. §7432.

Plaintiffs are not proceeding under their aforementioned statutory rights, and instead appear to be attempting to assert tort claims to challenge a federal tax lien. Plaintiffs' opposition to defendant's motion does not expand or clarify plaintiffs' legal conclusions or provide persuasive support for them. Plaintiffs are attempting to bypass the statutory scheme set out by Congress and challenge the IRS's statutorily-authorized procedures for collecting taxes, which include the filing of a Notice of Federal Tax Lien ("NFTL"). Plaintiffs' rely on the filing of a Notice of Federal Tax Lien as the wrongful act at issue. Whatever acts plaintiffs think were wrongly taken, the alleged wrongfulness of those acts all appear to arise out of the filing of the NFTL. However, as stated, the filing of the NFTL is authorized by federal law, See, e.g., 26 U.S.C. §6323.

This action should be dismissed because this court lacks subject matter jurisdiction for plaintiffs' asserted claims and, moreover, because plaintiffs fail to state a claim on which relief may be granted.

Anti-Injunction Act

This court lacks subject matter jurisdiction because of the applicability of the Anti-Injunction Act. Such Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 27 U.S.C. §7421(a). The principal purpose of the Anti-Injunction Act is to preserve the governments' ability to assess and collect taxes expeditiously with a "minimum of pre-enforcement judicial interference" and "to require the legal right to disputed sums be determined in a suit for refund." Bod Jones Univ. v. Simon, 416 U.S. 725, 736 (1974). The Act has been interpreted broadly to encompass not only the assessment and collection of taxes, but also activities that are intended to or may culminate in the assessment or collection of taxes. See, e.g., United States v. Deman, 544 F.2d 1373, 1376 (7th Cir. 1976); Judicial Watch v. Rossotti, 317 F.3d 401, 405 (4th Cir. 2003); Smith v. Rich, 667 F.2d 1228, 1232 (5th Cir. 1982).

Sovereign Immunity from Plaintiffs' Claims

As stated in United States v. Mitchell, 653 F.3d 898, 903 (9th Cir. 2011), :"It is axiomatic that the United States may not be sued without its consent and that existence of consent is a prerequisite for jurisdiction." The most likely potential consent or potential waiver of sovereign immunity in this action is the Federal Tort Claims Act (FTCA). However, it does not apply due to its exceptions which bar any waiver. Sovereign immunity is not waived under the FTCA when plaintiff attempts to maintain any claim arising with respect to the assessment or collection of any tax unless the property was seized under certain circumstances related to forfeiture. 28 U.S.C. §2680(c)(1)-(4). Here, plaintiffs' claims arise out of the filing of at least one NFTL, in that they argue that the named defendants wrongfully "placed liens and made claims against [plaintiffs'] property without right."

P. 4 of Exh. B to #1. Filing an NFTL, and making claims on plaintiffs' property in order to satisfy tax assessments, constitute actions that arise from the collection of a tax, and are not related to forfeiture. Accordingly, the United States has not waived its sovereign immunity with respect to the actions allegedly taken by Tonni Carpenter, Brenna Withrow, and Ralph Eric Kelley, and for this reason alone, the action should be dismissed for lack of subject matter jurisdiction.

Failure and Inability to State a Claim

In addition, and in the alternative, the action should be dismissed as plaintiff has not stated a claim in this action on which relief can be granted. Plaintiffs' claims appear to rest entirely on the fact that the IRS filed a NFTL, which the IRS is entitled to do and which does not constitute a tort or other cause of action under Oregon law.

## CONCLUSION

Plaintiffs' motion (#10) for default judgment or motion to remand to "the Marrs Court" should be denied . Defendant United States' motion (#12) to dismiss for lack of subject matter jurisdiction and failure to state a claim on which relief may be granted should be allowed and this action should be dismissed.

DATED this 20 day of April, 2015.

THOMAS M. COFFIN
United States Magistrate Judge

Page 5 - FINDINGS and RECOMMENDATION